**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,
*ex rel.*, KAREN MAZUR,

      Plaintiffs,

v.                                                                                              Case No. 8:02-cv-450-T-17MSS

GOVERNMENT BUSINESS SERVICES
GROUP, LLC; ADREM INCORPORATED;
and JOHN HOLLAND JR.,

      Defendants.
_____/

**ORDER**

      This matter is before the Court on Defendants' Consolidated Motions to Dismiss Complaints of the United States and Relator and Incorporated Memorandum of Law, filed March 31, 2005 (Doc. No. 59) and Plaintiffs' responses thereto (Doc. Nos. 72 and 74).

**I. Background**

      In August 2000, Defendant, Government Business Services Group, LLC ("GBSG"), entered into a contract with the Defense Security Services ("DSS"). DSS is an agency within the Department of Defense ("DOD"). DSS's primary responsibility is to oversee the performance of background investigations. The contract provided that GBSG was to perform personnel security investigations for the DOD. GBSG is a limited liability company owned by Defendant, Adrem. Defendant, John Holland Jr. ("Mr. Holland"), is the president of Adrem, and vice-president of GBSG.

      Karen Mazur ("Relator"), who formerly worked as a contract investigator for GBSG, brought this action in the name of the United States for herself and for the United States Government (collectively "Plaintiffs"), pursuant to the qui tam provisions of the False Claims Act. According to Plaintiffs' complaints, GBSG, Adrem, and Mr. Holland (collectively "Defendants"), were responsible for submitting false claims to the government. Defendants moved to dismiss Plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 9(b).

Case No. 8:02-cv-450-T-17MSS

## II. Defendants' Motion to Dismiss

A. Lack of Subject Matter Jurisdiction

Standard of Review:

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be either "facial" or "factual." "Facial attacks" require a court to examine the face of a complaint to determine whether it alleges a basis for subject matter jurisdiction. See First Union National Bank of Florida v. North Beach Professional Office Complex, Inc., 841 F.Supp. 399, 402 (M.D. Fla. 1993) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). "Factual attacks" reach beyond the complaint to challenge subject matter jurisdiction in fact, and a court may consider "matters outside the pleadings, such as testimony and affidavits." See Bowman v. U.S., 848 F.Supp. 979, 982 (M.D. Fla. 1994) (citing Dunbar, 919 F.2d at 1528).

Analysis:

Defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure, 12(b)(1), for lack of subject matter jurisdiction. Specifically, Defendants contend that this case is a simple contract dispute, and, as such, must be brought under the Contract Disputes Act ("CDA"). The CDA, 41 U.S.C. Section 605(a), requires contract disputes involving a contract formed between the government and a contractor to be submitted to the Contracting Officer. Thus, federal district courts do not have jurisdiction to hear claims that are subject to the CDA. However, the CDA expressly excludes any claim involving fraud. As stated in Section 605, "This section shall not authorize any agency head to settle, compromise, pay, or otherwise adjust any claim involving fraud." (emphasis added).

Defendants acknowledge that claims involving fraud cannot be brought pursuant to the CDA. Notwithstanding that exemption, Defendants contend that this Court does not have jurisdiction because Plaintiffs' fraud claims are really contract claims "dressed up as" fraud actions in order to circumvent litigation pursuant to the CDA. The Court does not find Defendants' arguments persuasive. Plaintiffs' complaints clearly allege that Defendants knowingly misrepresented reimbursement claims. Thus, Plaintiffs' claims properly arise under the False Claims Act ("FCA"). The FCA, 31 U.S.C. 3129(a) provides jurisdiction in a federal

Case No. 8:02-cv-450-T-17MSS

district court when a person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." Plaintiffs' FCA claims are not disguised contracts claims merely because the alleged fraud relates to the underlying contract. Rather, "where the specific events, transactions, and contracts at issue in the lawsuit give rise to fraud allegations, the CDA no longer applies." See U.S. ex rel. Mayman v. Martin Marietta Corp., 894 F.Supp. 218, 224 (D. Md. 1995) (citing U.S. v. Rockwell Intern. Corp., 795 F.Supp. 1131, 1135 (N.D. Ga. 1992)).

Because this Court has jurisdiction pursuant to the FCA, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is denied.

B. Failure to State a Claim Upon Which Relief Can Be Granted

Standard of Review:

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232 (1974). Dismissal is only appropriate when it is clear to the court that no set of facts would consistently support the allegations asserted in the complaint. J.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 250 (1989) (citing Hudson v. King & Spalding, 467 U.S. 69 (1984)).

Analysis:

1. Plaintiffs' Causes of Action

Defendants first argue that Plaintiffs' causes of action should fail because the complaints are based on ambiguous terms of the contract. Defendants cite to numerous contract provisions and supporting documents to assert this point. This argument lacks merit at this stage because the Court must view all facts in the light most favorable to Plaintiffs. Defendants fail to demonstrate that Plaintiffs' interpretation of the contract cannot support the respective causes of action. Thus, Defendants' arguments on this ground must be denied.

Case No. 8:02-cv-450-T-17MSS

2. FCA Counts I and II Fail to State a Cause of Action

Defendants contend that Counts I and II fail to state a cause of action under the FCA. Again, Defendants rely on their own interpretation of the contract to argue that the claims submitted were not false. According to Defendants, Plaintiffs' FCA claims must fail because the contract permitted Defendants' actions, therefore, Defendants argue, the claims could not be false. As stated above, in reviewing a motion for failure to state a cause of action, this Court cannot rule on disputed issues. Defendants ignore the fact that Plaintiffs alleged numerous facts suggesting that Defendants knowingly submitted false claims. This is irrespective of whether the contract language is ambiguous. Thus, Defendants' arguments on this ground must be denied.

3. Complaints Involving Adrem and Mr. Holland

Defendants next argue that the allegations involving Adrem and Mr. Holland fail to rise to the level of a false claim and that these Defendants must be dismissed from the complaints. Defendants contend that Adrem and Mr. Holland never submitted any payment claims to the Government. Further, Defendants largely rely on corporate law to assert that a parent corporation is not liable for the acts of its subsidiaries. The Court finds Plaintiffs' argument more persuasive, however, because the FCA does not require an actual submission of a false claim to the Government. Rather, the United States Supreme Court held that the FCA is intended to reach all fraudulent attempts to cause the Government to pay out sums of money. See United States ex rel. Marcus v. Hess, 317 U.S. 537, 544-45 (1943). The Supreme Court further noted that the FCA even reaches Defendants who have no contractual relationship with the government, but encourage others to submit a false claim. Id. at 543-45.

Plaintiffs adequately pleaded that Mr. Holland and Adrem were involved in a scheme that resulted in false claims to the Government. Plaintiffs alleged in their complaints that Mr. Holland, president of Adrem and, vice-president of GBSG, ordered GBSG and Adrem to perform contrary to the contract's requirements. As president of Adrem, Mr. Holland's actions can be imputed to Adrem. See United States v. Hangar One, Inc., 563 F.2d 1155 (5th Cir. 1977). Thus, at this point, whether Mr. Holland or Adrem actually submitted the false claims in question is not dispositive. At this level of review, the Court must accept those allegations in a

Case No. 8:02-cv-450-T-17MSS

light most favorable to Plaintiffs.  Thus Defendants' arguments on this ground must be denied.

4. Payment to Investigators

Defendants' next argument solely attacks Plaintiff, Relator's Amended Complaint. Defendants assert that Relator's claim asserting an FCA violation based on GBSG's failure to pay Relator for her services rendered should be dismissed.  Specifically, Defendants argue Relator does not cite any provision of the Contract obligating GBSG to pay Relator prior to seeking payment from the Government.  Again, it would be inappropriate for this Court to analyze the contract at this juncture in the case.  Relator alleged that GBSG informed the Government that Relator was paid for her services, when in fact, Relator was not reimbursed. The provisions of the contract are not dispositive on Defendants' actions after the fact.  Rather, the merits of Relator's claim must be fleshed out through the discovery phase.  Viewing the evidence in a light most favorable to Relator, Defendants' argument must be denied.

5. Claim for Unjust Enrichment

Defendants contend that the unjust enrichment claim must be dismissed because there is a valid contract.  However, it is axiomatic that parties may plead alternative and inconsistent theories of recovery.  Thus, Defendants' argument on this ground must be denied.

C. Motion to Dismiss pursuant to Rule 9(b).

Defendants argue that the complaints do not satisfy Fed.R.Civ.P. 9(b) because the complaints do not plead fraud with particularity.  Rule 9(b) states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." According to the Eleventh Circuit, Rule 9(b) requires that allegations of fraud include: (1) precisely what [false or fraudulent] statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the Plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

5

Case No. 8:02-cv-450-T-17MSS

In the case of allegations of widespread fraud, courts will adhere to a relaxed standard. Courts will only apply this relaxed standard, however, when the plaintiff alleges that the "necessary information lies within the defendant's control" and includes a "statement of facts upon which the allegations are based." See United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc., 755 F.Supp. 1040, 1052 (S.D.Ga.1990). This relaxed standard does not obviate the duty of the plaintiff to fully plead fraud allegations. See Anthony Distribs., Inc. v. Miller Brewing Co., 904 F.Supp. 1363, 1366 (M.D.Fla.1995). In Anthony, the court reasoned that even though the Plaintiff alleged a time-frame and the identity of individuals who may have made fraudulent representations, the failure to adequately plead the contents of the alleged fraudulent representations was fatal to the allegations even in light of the relaxed standard. See Id.

The Court agrees that Plaintiffs failed to plead fraud with the necessary particularity. Even pursuant to the more relaxed standard, Plaintiffs' fraud allegations do not adequately demonstrate how the activities were fraudulent or what Defendants obtained as a result of the alleged fraud. Thus, Defendants' arguments on this ground are granted. However, Plaintiffs are permitted to amend their complaints to plead with the necessary specificity.

### III. Conclusion

Defendants' arguments based on lack of subject matter jurisdiction and failure to state a claim are denied. Defendants' argument regarding Plaintiffs' failure to plead fraud with specificity is granted, however, Plaintiffs may amend their complaints. Accordingly, it is

Case No. 8:02-cv-450-T-17MSS

**ORDERED** that Defendants' motion to dismiss complaints of the United States and Relator (Doc. No. 59) be **DISMISSED**, in part, and **GRANTED**, in part, with leave to amend within ten days of this date.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 30th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record